UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARNOLDO BARRAZA,
CDCR #AM-5372,

Plaintiff,

vs.

W.L. MONTGOMERY; ENDERS; ELIZONDO; RAMOS; V.J. GARCIA; CAPTAIN LEE

Defendants.

Case No.: 3:17-cv-1048-MMA-RBB

**ORDER:**

**(1) DISMISSING CLAIMS AGAINST DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); AND**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT ON REMAINING DEFENDANTS**

## I. Procedural History

On May 18, 2017, Arnoldo Barraza ("Plaintiff"), proceeding *pro se* and currently incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California (Doc. No. 1). United States District Judge David O. Carter determined that venue for this action did not lie in the Central District and transferred the matter to the Southern District on May 22, 2017 (Doc. No. 4). Plaintiff did not prepay the civil filing fee required by 28

U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

On July 27, 2017, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 7 at 10-11.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 11.) On October 2, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 9.) However, once again, the Court found that Plaintiff failed to state a claim upon which relief could be granted. (Doc. No. 10 at 9-10.) On January 26, 2018, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. No. 12.)

**II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A. Standard of Review

As the Court previously informed Plaintiff, notwithstanding his IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Waived Defendants

In the Court's November 6, 2017 Order, Plaintiff was cautioned that any Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* Doc. No. 10 at 9 citing S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

/ / /

Here, in Plaintiff's SAC, he no longer names Elizondo or Ramos as Defendants in this action. (*See* SAC at 8, 10-11.) Accordingly, Plaintiff has waived his claims against these Defendants and they are **DISMISSED** from this action.

C. Eleventh Amendment

In addition, Plaintiff has named Calipatria State Prison as a Defendant. (*Id.* at 8.) However, the Court finds that to the extent Plaintiff names the Calipatria State Prison as a Defendant in this action, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against defendants who are immune. The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983)). In addition, to the extent that plaintiff seeks to sue the State of California itself for monetary damages, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). Therefore, the claims against Defendant Calipatria State Prison are **DISMISSED** from this action for failing to state a claim and for seeking monetary damages against an immune defendant.

D. Personal Causation

The Court finds Plaintiff, once again, has failed to state a claim against Defendant Montgomery. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). The

Complaint contains no factual allegations describing what Defendant Montgomery did, or failed to do. To the extent Plaintiff seeks to hold him liable for the actions of his subordinates, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Defendant Montgomery because he has failed to allege facts regarding what actions were taken or not taken by the Defendant which caused the alleged constitutional violations. *See Canton*, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983."), citing *Monell*, 436 U.S. at 694-95.

Therefore, the Court **DISMISSES** all claims against Defendant Montgomery for failing to state a claim upon which relief may be granted.

E. Defendants Enders, Garcia and Lee

As to Correctional Officers Enders, Garcia and Lee, however, the Court finds Plaintiff's Complaint contains Eighth Amendment excessive force and inadequate

medical care claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm* 680 F.3d at 1123; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (prison officials are liable if they act with deliberate indifferent to a prisoner's serious medical needs); *id.* at 104 (deliberate indifference "is manifested by prison [officials] intentionally denying or delaying access to medical care.").

Accordingly, the Court will direct the U.S. Marshal to effect service upon Defendants Enders, Garcia and Lee on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

For the reasons explained, the Court:

1) **DISMISSES** Defendants Elizondo and Ramos and **DIRECTS** the Clerk of Court to terminate Elizondo and Ramos as parties to this action.

2) **DISMISSES** Calipatria State Prison and Warden Montgomery pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **DIRECTS** the Clerk of the Court to terminate Calipatria State Prison and Montgomery as parties to this action.

3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's SAC (Doc. No. 12) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Enders, Garcia and Lee. In addition, the Clerk will provide Plaintiff with a certified copy of the July 27, 2017 Order granting Plaintiff IFP status, a certified copy of his SAC and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service* pursuant to

S.D. Cal. CivLR 4.1c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

4) **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon Defendants Enders, Garcia and Lee as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5) **ORDERS** Defendants once they have been served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

6) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

**IT IS SO ORDERED**.

DATE: March 5, 2018

HON. MICHAEL M. ANELLO
United States District Judge